UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ALVIN FELICIANO-SOTO,<br><br>　　　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | 4:22-CV-04046-KES<br><br>SUA SPONTE ORDER REQUIRING MOVANT TO SUBMIT A PRISONER TRUST ACCOUNT REPORT |

　　　Movant, Alvin Feliciano-Soto, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Docket 1. This court entered judgment in favor of respondent and did not grant Feliciano-Soto a certificate of appealability. Dockets 20, 21. Feliciano-Soto has filed a notice of appeal, but he has not moved for leave to proceed in forma pauperis on appeal. *See* Docket 24. Feliciano-Soto did not file a motion to proceed in forma pauperis during his § 2255 action.

　　　The Eighth Circuit historically has looked to district courts to rule on in forma pauperis motions for appeal and has held that the filing-fee provisions of the PLRA do not apply to habeas corpus actions. *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001) (per curiam). This court must sua sponte determine if Feliciano-Soto can proceed in forma pauperis on appeal. To determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee,

and (2) whether the petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915(a)(1), (3).

Feliciano-Soto's appeal appears to be taken in good faith. But this court has no financial information by which it can assess whether Feliciano-Soto can afford to pay the full filing fee, and Feliciano-Soto did not file a motion to proceed in forma pauperis during his § 2255 action. *See* Federal Rule of Appellate Procedure 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the appeal is not taken in good faith[,] . . . the party is not otherwise entitled to proceed in forma pauperis[,] . . . [or] a statute provides otherwise."). Thus, Feliciano-Soto must submit a prisoner trust account report so that this court can assess his ability to pay the full filing fee or, in the alternative, pay the full $505 appellate filing fee, by **April 28, 2023**.

IT IS ORDERED:

1. That Feliciano-Soto must submit a prisoner trust account report or, in the alternative, pay the full $505 appellate filing fee, by **April 28, 2023**.

Dated March 28, 2023.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE